# Supreme Court of Texas

No. 23-0679

Fort Bend Independent School District,

*Petitioner,*

v.

Ken Paxton, Attorney General of the State of Texas,

*Respondent*

On Petition for Review from the
Court of Appeals for the Third District of Texas

JUSTICE YOUNG, concurring in the denial of the motion for rehearing.

Without public access to information about the workings of government, a self-governing People cannot fully exercise their proper authority. The Texas Public Information Act reflects the legislature's attempt to maximize public access without undermining private rights or the effective and efficient functioning of the government. This case implicates one delicate aspect of that balancing act: managing information stored on government employees' private cell phones. Governmental units cannot insulate themselves from the Act's reach merely by requiring

employees to conduct all official business on personal devices (even if such a choice would not pose other problems, such as those related to information security). At the same time, forcing government employees to yield their own devices to invasive searches to uncover purportedly public information that is comingled with private data implicates important countervailing interests, which may be of constitutional dimension. The specific concerns that petitioner raises here warrant serious consideration, and petitioner's arguments are by no means frivolous. But I agree with the Court's decision to deny the motion for rehearing in this particular case because the requestor expressly asked for personal information to be redacted and the attorney general's letter ruling does not require the district to turn over confidential information.

## I

Fort Bend ISD received a request for "detailed phone records, including, but not limited to, text messages, photo messages and inbound and outbound calls . . . on any device on which Fort Bend ISD business is conducted, redacted to exclude personal phone calls and any other information made confidential under state law," as to named representatives. The district withheld the phone logs of its representatives' personal cell phones, sent a sample of the information to the attorney general, and requested a decision regarding its disclosure. *See* Tex. Gov't Code § 552.301. In its response, the attorney general's office stated:

> A governmental body may not circumvent the applicability of the Act by conducting official public business in a private medium. Thus, to the extent the telephone calls at issue were made in connection with the transaction of public business of the district, this information is subject to the Act, and

2

must be released unless it is excepted from disclosure. (Citation omitted.)

Dissatisfied, the district sued the attorney general. *See* Tex. Gov't Code § 552.324. The trial court signed a final judgment requiring disclosure of the requested information, and the court of appeals affirmed. No. 03-22-00052-CV, 2023 WL 4495224, at *5 (Tex. App.—Austin July 13, 2023).

In this Court, the district argues that the phone logs are not public information because they were "produced" by the phone companies and not by district employees, *see* Tex. Gov't Code § 552.002(a); that the records are protected by the federal Telephone Records and Privacy Protection Act; that disclosing the records would violate the constitutional privacy rights of the district's representatives; that the court of appeals' interpretation is at odds with the way federal and state courts have interpreted similar language in other statutes; and that the court of appeals' decision will lead to absurd results for government employees. We denied the district's petition, and it filed a motion for rehearing.

## II

The U.S. Constitution guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Similarly, the Texas Constitution provides that "[t]he people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches." Tex. Const. art. I, § 9. This Court has held that "the Texas Constitution protects personal privacy from unreasonable intrusion." *Tex. State Emps. Union v. Tex. Dep't of Mental Health & Mental Retardation*, 746 S.W.2d 203, 205 (Tex. 1987); *accord*

3

*Bell v. Low Income Women of Tex.*, 95 S.W.3d 253, 264 (Tex. 2002). And we have applied that right to prevent the government from invading the privacy of its employees. *Tex. State Emps. Union*, 746 S.W.2d at 205–06.

True, it is possible that those cases leaned too heavily on the U.S. Supreme Court's interpretation of the federal Constitution—which, as examination of that Court's jurisprudence in area after area confirms, can change over time. And there is no inherent reason why our interpretation of the *Texas* Constitution must remain in lockstep with U.S. Supreme Court jurisprudence. *See Tex. Dep't of State Health Servs. v. Crown Distrib. LLC*, 647 S.W.3d 648, 665, 674 (Tex. 2022) (Young, J., concurring).

But this Court has not overruled *Texas State Employees Union* or the cases on which it relied. Forcing employees to hand over their cell phones, moreover, may constitute a search or seizure that directly implicates the text of the Fourth Amendment and Texas's article I, § 9— no emanations or penumbrae required. *Cf. Griswold v. Connecticut*, 381 U.S. 479, 484 (1965); *see also Carpenter v. United States*, 585 U.S. 296, 310 (2018) (holding that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through [cell-site location information]").

It is easy to imagine how scouring an employee's phone for "detailed phone records, including, but not limited to, text messages, photo messages and inbound and outbound calls," could infringe on constitutionally protected rights and unduly burden public servants. Those records may contain confidential information about a person's medical history, financial transactions, or personal life that justifiably should be kept private. As the district points out, many government employees receive less pay than they

4

could earn in the private sector, and school district trustees are unpaid *volunteers*. *See* Tex. Educ. Code § 11.061(d) (providing that "trustees serve without compensation"). Requiring government employees and volunteers to give up all expectations of digital privacy would be a powerful disincentive to public service, and it is at least doubtful that the Court would read the Act to push so far unless its text unambiguously indicates that the legislature chose not to accommodate such individual interests.

I am not convinced, however, that the district representatives in *this* case face such a threat to their privacy or that the case provides an ideal vehicle for the Court to examine that important issue. The requestor expressly asked that the records be "redacted to exclude personal phone calls and any other information made confidential under state law." Thus, a respect for privacy was baked into the request. In addition, the attorney general's letter ruling stated that "to the extent the telephone calls at issue were made in connection with the transaction of public business of the district, this information is subject to the Act, and must be released *unless it is excepted from disclosure*." (Emphasis added.) Thus, the district need not produce information about phone calls that did not pertain to public business. And the Public Information Act provides that "[i]nformation is excepted from" mandatory disclosure "if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code § 552.101; *see also Univ. of Tex. at Austin v. GateHouse Media Tex. Holdings II, Inc.*, 711 S.W.3d 655, 658 (Tex. 2024) (explaining that confidential information "is prohibited from disclosure and subject to criminal penalties" (quoting *Tex. Comptroller of Pub. Accts. v. Att'y Gen. of Tex.*, 354 S.W.3d 336, 360 (Tex. 2010) (Wainwright, J., dissenting in part

and concurring in part))).  Accordingly, the result is the same under the information request, the letter ruling, and the statute—the district *need not* disclose its representatives' personal information, and it *must not* disclose their confidential information.

While I likewise respect the district's concern about seizing and searching its employees' phones, I see no reason why *the district* would need to do that here.  Each employee has a duty to comply with the Act and produce responsive information.  And each employee would be best able to determine whether a particular phone call was business-related.  Employees' personal information need not ever reach the district, much less the requestor.  A circumstance in which a requestor had reason to believe that individual employees were not complying with the Act would trigger a different question.  But because I do not see a serious threat to employee privacy in this case, and despite my agreement that the district's arguments are weighty, I agree with the Court's decision to deny the motion for rehearing.  If a case reaches this Court in which the government requires (or is directed to require) its employees to waive their right to privacy in their own phones, by contrast, I would be inclined to grant review.

Finally, I cannot help but wonder if these privacy concerns could be laid to rest simply by providing government employees with whatever equipment they need to do their jobs—including cell phones when necessary.  After all, providing one's *own* tools is one mark of an independent contractor.  *See Renaissance Med. Found. v. Lugo*, ___ S.W.3d ___, ___, 2025 WL 1478694, at *3 (Tex. May 23, 2025) (stating that "the worker's obligation to furnish necessary tools, supplies, and materials to perform the job" is a factor indicating that a worker is an independent

contractor rather than an employee (quoting *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002))). The district alleges that because of "acute financial constraints," neither its employees nor trustees "are typically issued employer-paid cell phones." I do not doubt the reality of those financial constraints. But withholding from employees the technology they need to serve the People, requiring them to provide that technology themselves, and then subjecting that technology to the rigorous scrutiny of the Public Information Act might be unjust (and perhaps unwise). It is not the judiciary's role to allocate finite public resources, of course, but that allocation may be relevant should the issue of employee privacy and personal cell phones ever return to this Court, especially if employees are *forced* to use their own devices in order to do their jobs.

\*   \*   \*

In an appropriate case, the Court will need to carefully consider how the Act applies to privately owned cell phones and, if necessary, whether the protections of the U.S. and Texas Constitutions affect the analysis. The district's earnest litigation of this case has been helpful and valuable, and the Court has given its arguments respectful consideration. Denying the petition does not express any view of the underlying merits of the specific dispute before us; it simply means that the Court has chosen not to resolve the case. Despite my concerns and hesitation, I ultimately conclude that the Court's decision is correct and thus concur in it.

Evan A. Young
Justice

**OPINION FILED:** September 19, 2025

7